[No. AO23520. First Dist., Div. Two. Jan. 24, 1984.]

COMMITTEE TO DEFEND REPRODUCTIVE RIGHTS et al.,
Petitioners, v.
PETER RANK, as Director, etc., et al., Respondents.

84

**COUNSEL**

Margaret C. Crosby, Alan L. Schlosser, Amitai Schwartz, Nancy L. Davis, Donna J. Hitchens, Judith E. Kurtz, Joaquin Avila, Maria Rodriguez, Ralph Santiago Abascal, Pauline Tesler, Diamond, Bennington, Simborg & Tesler, Joan Messing Graff and Fred Okrand for Petitioners.

John K. Van de Kamp, Attorney General, Charlton G. Holland and Asher Rubin, Deputy Attorneys General, for Respondents.

Dennis M. Wilson as Amicus Curiae on behalf of Respondents.

## OPINION

**THE COURT.**\*—Petitioners, a coalition of organizations, health care providers, and taxpayers who represent the interests of indigent women, have filed a petition seeking to compel respondents State Controller Kenneth Cory, State Treasurer Jesse M. Unruh, and Director of the State Department of Health Services Peter Rank to refrain from enforcing those provisions of items 4260-101-001 and 4260-105-001 of the Budget Act of 1983 which limit funding of abortions sought by Medi-Cal recipients. In addition, "certain elected representatives of the People of the State of California, who constitute a majority of the California State Legislature," have entered the action as amici curiae.

Respondent Cory concedes that the abortion funding restrictions in the 1983 Budget Act are "virtually identical" to those in the Budget Acts of 1979 and 1980, declared invalid in *Committee to Defend Reproductive Rights* v. *Myers* (1981) 29 Cal.3d 252 [172 Cal.Rptr. 866, 625 P.2d 779]; in the Budget Act of 1981, declared invalid in *Committee to Defend Reproductive Rights* v. *Cory* (1982) 132 Cal.App.3d 852 [183 Cal.Rptr. 475];[1] and in the Budget Act of 1982, declared invalid in *Committee to Defend Reproductive Rights* v. *Unruh* (July 29, 1982) A018249 (unpub. opn.).[2]

Respondents Rank and Unruh and the amici do not argue that the eligibility requirements imposed for abortions are constitutional. Instead, they argue that the current, 1983, Budget Act differs substantially from the previous Budget Acts in that it purports to set up a separate limited fund for the payment of abortions. Therefore, they argue that the above cited cases are not apposite and "the doctrine of the separation of powers prohibits this court from granting relief which will in effect compel a legislative appropriation of funds." The argument lacks merit.

The relevant provisions of the 1983 Budget Act are as follows:

"Item 4260-101-001

"For local assistance, Department of Health Services, Medical Assistance Program, payable from the Health Care Deposit Fund (912) after transfer from the General Fund ........................................ $1,986,594,674

---

*Before Kline, P. J., Rouse, J., and Smith, J.

[1] Opinion of First District, Division Three, per Scott, J., White, P. J., Feinberg, J.

[2] Opinion of First District, Division Four, by "The Court." The court consisted of Caldecott, P. J., Christian, J., and Poché, J. This case can be cited and relied on herein, even though unpublished, because it is relevant under the doctrine of collateral estoppel. (Cal. Rules of Court, rule 977(b)(1); 4 Witkin, Cal. Procedure (2d ed. 1971) Judgment, § 197, p. 3335.)

"`. . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(b) 50.11—Benefits (Medical Care and Services) ....... $1,919,859,231

"`. . . . . . . . . . . . . . . . . . . . . . . . . . .

"18. None of the funds appropriated by this item shall be used to pay for abortions. The exclusive means for paying for abortions shall be through the appropriations made in Items 4260-105-001 and 4260-105-890.

"Item 4260-105-001

"For abortions, Department of Health Services, Medical Assistance Program, payable from the Special Financing Account in the General Fund ................................................................ $13,317,000

"Provisions:

"1. This item shall be the sole source of general funds for abortion.

"`. . . . . . . . . . . . . . . . . . . . . . . . . .

"4. None of the funds appropriated by this item shall be used to pay for abortions, except under any of the following circumstances: [list of eligibility requirements] . . . ."

■ "The separation of powers doctrine restricts a court from directly ordering the Legislature to enact a specific appropriation. However, that doctrine does not preclude the judiciary from ordering that funds which have been appropriated should be paid without regard to an invalid legislative restriction. 'If, in the absence of such invalid restriction, appropriated funds are reasonably available for the expenditures in question, the separation of powers doctrine poses no barrier to a judicial order directing the payment of such funds.' (*Mandel* v. *Myers* (1981) 29 Cal.3d 531, 542 . . . .)" (*Committee to Defend Reproductive Rights* v. *Cory, supra,* 132 Cal.App.3d 852, 856.)

■ We hold that 1983 Budget Act items 4260-101-001 and 4260-105-001 both appropriate funds for Medi-Cal funded abortions, while item 4260-101-001, subparagraph 18, and item 4260-105-001, subparagraphs 1 and 4, are invalid restrictions on the use of such funds. Our holding is mandated by *Committee to Defend Reproductive Rights* v. *Cory, supra,* 132 Cal.App.3d 852, which resolves the exact question posed by the instant

case, as follows: "An appropriation need not specifically refer to the particular expenditure in question to be available for its payment. (*Mandel, supra,* 29 Cal.3d [531] at pp. 543-544 [174 Cal.Rptr. 841, 629 P.2d 935].) That portion of the Budget Act of 1981 which appropriates funds for health services to be provided under the Medi-Cal Act does not enumerate all the specific services for which payment is available. Instead, item 426-101-001 of that act appropriates $2,450,333,143 for 'local assistance, Department of Health Services, Medical Assistance Program.' Of that sum, $2,317,249,570 are allocated for the broad category of 'Benefits (Medical Care and Services).' (Stats. 1981, ch. 99, § 2, p. —.) Funds so appropriated are deposited in the state's Health Care Deposit Fund. (Welf. & Inst. Code, § 14158.) Section 14157 of that code provides that all money in the Health Care Deposit Fund is "hereby appropriated for expenditure for the purposes specified" in the Medi-Cal Act (Welf. & Inst. Code, § 14000 et seq.) and in the Waxman-Duffy Prepaid Health Plan Act (Welf. & Inst. Code, § 14200 et seq.). The Medi-Cal Act expansively defines health care services. Among the services which it funds for eligible recipients are physician, hospital, and clinic outpatient services, surgical center services, and inpatient hospital services. (Welf. & Inst. Code, §§ 14053, 14132.) While certain reimbursible health services require a specific legislative appropriation, abortion is not such a service. (See Welf. & Inst. Code, § 14021, subd. (c) [mental health services].) It is apparent that an abortion performed by a physician, whether in a hospital clinic, or office, is a medical service which would be and which has been funded by the Medi-Cal program, absent the restrictive funding provisions. (See *Committee to Defend, supra,* 29 Cal.3d at p. 258.) The regulations of the Department of Health Services, which administers the Medi-Cal Act (see Welf. & Inst. Code, § 10721), reinforce our conclusion. Those regulations enumerate excluded services; abortion is not among them. (See Cal.Admin. Code, tit. 22, § 51301 et seq.) We also deem it significant that neither respondents nor amicus have argued that the funds already appropriated would be inadequate to pay for abortions once the restrictions are stricken. It is clear, then, that without the unconstitutional restrictions at issue, the funds appropriated by the Budget Act of 1981 for medical services provided by the Medi-Cal program are generally and reasonably available for payment for abortions for eligible recipients." (*Committee to Defend, supra,* 132 Cal.App.3d at pp. 857-858.)

The facts before us are not sufficiently distinguishable from those presented in *Committee to Defend Reproductive Rights* v. *Cory, supra,* 132 Cal.App.3d 852 to warrant a different result. Nor do we believe that conflicting considerations pertinent to the doctrine of separation of powers provide reason or authority for us to limit the precedential value of *Mandel* v.

*Myers* (1981) 29 Cal.3d 531 [174 Cal.Rptr. 841, 629 P.2d 935], narrowly to the facts of that case. Further, it is not the office of this court to reconsider the merits of that manifestly applicable decision of our Supreme Court.

*Committee to Defend Reproductive Rights* v. *Myers, supra, Committee to Defend Reproductive Rights* v. *Cory, supra,* and *Committee to Defend Reproductive Rights* v. *Unruh, supra,* struck down provisions of the 1978, 1979, 1980, 1981 and 1982 Budget Acts which purported to restrict abortion funding by specifying that none of the funds appropriated for Medi-Cal shall be used to pay for abortions which do not meet the listed eligibility requirements (see *Committee to Defend Reproductive Rights* v. *Cory, supra,* 132 Cal.App.3d at p. 854, fn. 1). The Legislature is now attempting to accomplish the same result, i.e., limiting funds available for abortions, through the device of setting up a separate, limited fund for abortions and thereby achieving indirectly what it is prohibited from achieving directly. If this court approved the Legislature's device, we would be in violation of section 3528 of the Civil Code since we would be respecting form over substance.

Accordingly, a peremptory writ shall issue forthwith, directing respondents to refrain from enforcing the unconstitutional restrictions of the Budget Act of 1983 challenged herein. Respondent Rank is further ordered to perform his ministerial duty of certifying all provider claims for Medi-Cal abortion reimbursement pursuant to section 1094 of the Government Code and State Board of Control rules 622.1 and 624. (See Cal. Admin. Code, tit. 2, §§ 622.1, 624.) The trial court judge before whom the cost awards in *Committee to Defend Reproductive Rights* v. *Myers, supra,* 29 Cal.3d 252, *Committee to Defend Reproductive Rights* v. *Cory, supra,* 132 Cal.App.3d 852, and *Committee to Defend Reproductive Rights* v. *Unruh, supra,* A018249, were submitted, or such other judge of the Superior Court of the City and County of San Francisco as the presiding judge may direct, is appointed as referee to fix an appropriate cost award, including attorney's fees.

Respondents' petition for a hearing by the Supreme Court was denied March 22, 1984.